**UNITED STATES of America,
Plaintiff,**

v.

**W. Clyde LUCAS et al., Defendants.**

**Civ. No. 960–G.**

United States District Court
M. D. North Carolina.
Feb. 20, 1957.

Edwin M. Stanley, U. S. Atty., Greensboro, N. C., for plaintiff.

Richard S. Clark, Asheboro, N. C., for defendant Lineberry.

Horace Haworth, High Point, N. C., for receiver.

G. E. Miller, Asheboro, N. C., for defendant W. C. Lucas.

HAYES, District Judge.

Certificate of stock pledged, though not transferred on corporation's books, gives pledgee prior. right over an attaching creditor. Bleakley v. Candler, 169 N.C. 16, 84 S.E. 1039.

The reasoning in the above case is predicated squarely on the fact that the one in actual possession of the certificate of stock duly assigned by the

registered owner has a right superior to those of an attaching creditor. But an attaching creditor would have rights superior to one who held no transfer accompanied by physical possession of certificate or its equivalent.

The bank, therefore, was in the actual physical possession of the certificate to secure its debt which still subsisted when the lien of the U. S. attached. The court, in which the bank was represented by counsel, finds that the balance due on the note is approximately $3,600 and is the primary obligation of J. K. Marlowe who had purchased 100 shares from W. C. Lucas and wife Pearlie, for which he assumed payment of the note, which left 145 shares belonging to Lucas as additional security. The Lucas 145 shares were sold by the receiver and the claims transferred to the proceeds. The court finds that the 100 shares still in possession of the bank are worth far in excess of the balance on the note and determines that the lien of the United States for taxes attached to the 145 shares (or proceeds thereof) belonging to Lucas.

Claimant Lineberry filed a petition in this court against receiver in which he asserted ownership of the Lucas 145 shares by virtue of a paper writing executed several years ago by Lucas and wife purporting to assign their interest in this stock subject to the bank's assignment, to secure Lineberry for a line of credit of $10,000 to Lucas National, Inc.

However, this paper was still in the possession of Lineberry when the lien of the United States attached to this property. The bank never accepted the attempted transfer and never had knowledge thereof. Under the facts it is manifest that the bank was not holding the certificate in any manner as a depository for Lineberry claim.

The paper writing above might have become effective as a pledge to secure the Lineberry debt if the writing had been delivered to the bank and if the bank had agreed not to release the stock when its debt was paid and would then deliver it to Lineberry. Nothing less than this would constitute a valid pledge for it is universally held that a valid pledge must be accompanied by the delivery of the property pledged either to the pledgee or to a third party who holds it for the pledgee. 41 American Jurisprudence, Pledge and Collateral Security, Section 19; Burrowes v. Nimocks, 4 Cir., 35 F.2d 152; Chemical Co. v. McNair, 139 N.C. 326, 51 S.E. 949.

The claim of Lineberry is therefore disallowed.